IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, not individually, but as Administrator of the Funds, | Case No. 18-cv-982 |
| Plaintiffs, | |
| v. | |
| LEGACY UNDERGROUND CORPORATION, an Illinois corporation, and SARA HIGGINS, individually, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (hereinafter collectively the "Funds"), by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy Carollo, G. Ryan Liska, Katherine C.V. Mosenson, and Kelly Carson Burtzlaff, for their Complaint against Defendants Legacy Underground Corporation, an Illinois corporation, and Sara Higgins, individually, state:

## COUNT I

### (Failure to Pay Benefit Contributions Pursuant to an Audit)

For a cause of action by Plaintiffs against Defendant Legacy Underground Corporation:

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367, and federal common law.  The

Court has jurisdiction for any pendent state law claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2),

and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3)

and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained

pursuant to their respective Agreements and Declarations of Trust in accordance with Section

302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business

within this District.

4.      Plaintiff Catherine Wenskus (hereinafter "Wenskus") is the Administrator of the

Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the

collection of employer contributions owed to the Funds and to the Construction and General

District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the

Funds of amounts which have been or are required to be withheld from the wages of employees

in payment of Union dues for transmittal to the Construction and General Laborers' District

Council of Chicago and Vicinity (the "Union").  With respect to such matters, Wenskus is a

fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C.

§1002(21)(A).

5.      Defendant Legacy Underground Corporation (hereinafter the "Company"), is an

2

Illinois corporation. At all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2013 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent

3

Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits, and benefits for the training fund,  and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.     An audit of the Company's books and records for the time period of April 1, 2014 through May 31, 2017 revealed that the Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to report and pay contributions in the amount of $102,735.42 owed to Plaintiff Laborers' Pension Fund for the audit period of April 1, 2014 through May 31, 2017

4

thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay contributions in the amount of $88,864.42 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of April 1, 2014 through May 31, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $37,758.71 owed to Plaintiff the Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of April 1, 2014 through May 31, 2017, thereby depriving the Retiree Health and Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $4,452.13 owed to Laborers' Training Fund for the period of April 1, 2014 through May 31, 2017 thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $2,685.66 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") Fund for the audit period of April 1, 2014 through May 31, 2017 thereby depriving the LDCLMCC Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

5

(f)     failed to report and pay contributions in the amount of $1,263.84 owed to the

CAICA Fund for the audit period of April 1, 2014 through May 31, 2017 thereby depriving the

CAICA Fund of contributions, income and information needed to administer the Fund and

jeopardizing the benefits of the participants and beneficiaries; and

(g)     failed to report and pay contributions in the amount of $1,105.88 owed to the

Laborers' Employers' Cooperation and Education Trust ("LECET") Fund for the audit period of

April 1, 2014 through May 31, 2017 thereby depriving the LECET Fund of contributions, income

and information needed to administer the Fund and jeopardizing the benefits of the participants

and beneficiaries.

True and accurate copies of the audit and audit summary sheet are attached hereto as

Exhibits B and C respectively.

12.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and

Declarations of Trust, the Company owes liquidated damages plus interest on all unpaid

contributions revealed by the audit for the period of April 1, 2014 through May 31, 2017.

13.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and

Declarations of Trust, the Company is liable for the costs of any audit which reveals unpaid

contributions.  Accordingly, the Company owes the Funds $2,568.75 in audit costs for the audit

for the period of April 1, 2014 through May 31, 2017.  See Exhibits B and C.

14.     The Company's actions in failing to submit payment upon the audit to which it

submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of

the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust

6

Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Legacy Underground Corporation, as follows:

a. entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of April 1, 2014 through May 31, 2017 including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT II

### (Failure to Pay Union Dues Pursuant to an Audit)

For a cause of action by Plaintiffs against Defendant Legacy Underground Corporation:

16. Plaintiffs reallege paragraphs 1 through 15 of the Complaint, as though fully set forth herein.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Company performed covered work during the audit period of April 1, 2014 through May 31, 2017 and the

7

Company failed to withhold and/or submit payment of $25,351.04 in union dues that were or should have been withheld from the wages of employees for the period of April 1, 2014 through May 31, 2017 thereby depriving the Union of information and income. See Exhibits B and C.

19.     Pursuant to the Agreement, the Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of April 1, 2014 through May 31, 2017 plus accumulated liquidated damages, audit costs, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Legacy Underground Corporation, as follows:

a.      entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of April 1, 2014 through May 31, 2017 including dues, liquidated damages, accumulated liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT III

**(Failure to Pay Employee Benefit Contributions as Revealed by Submitted Reports)**

For a cause of action by Plaintiffs against Defendant Legacy Underground Corporation:

20.     Plaintiffs reallege paragraphs 1 through 19 of the Complaint, as though fully set forth herein.

21.     Notwithstanding the obligations imposed by the Agreement and the Funds'

8

respective Agreements and Declarations of Trust, the Company performed covered work during the months of June 2017 through November 2017, and submitted reports (true and accurate copies of the benefits contributions reports are attached hereto as Exhibit D) which revealed that the Company:

(a)    failed to pay contributions in the amount of $113,276.24 owed to Plaintiff Laborers' Pension Fund for the reporting period of June 2017 through November 2017, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to pay contributions in the amount of $93,324.20 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the reporting period of June 2017 through November 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to pay contributions in the amount of $41,375.25 owed to Chicago Laborers' District Council Retiree Health and Welfare Fund for the reporting period of June 2017 through November 2017, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)    failed to pay contributions in the amount of $4,597.25 owed to Laborers' Training Fund for the reporting period of June 2017 through November 2017, thereby depriving the

9

Laborers' Training Fund of contributions, income and information needed to administer the Fund
and jeopardizing the training fund benefits of the participants and beneficiaries;

    (e)    failed to pay contributions in the amount of $1,563.09 owed to the LDCLMCC
Fund for the reporting period of June 2017 through November 2017, thereby depriving the
LDCLMCC Fund of contributions, income and information needed to administer the Fund and
jeopardizing the benefits of the participants and beneficiaries;

    (f)    failed to pay contributions in the amount of $735.56 owed to the CAICA Fund for
the reporting period of June 2017 through November 2017, thereby depriving the CAICA Fund
of contributions, income and information needed to administer the Fund and jeopardizing the
benefits of the participants and beneficiaries; and

    (g)    failed to pay contributions in the amount of $643.64 owed to the LECET Fund for
the reporting period of June 2017 through November 2017, thereby depriving the LECET Fund
of contributions, income and information needed to administer the Fund and jeopardizing the
benefits of the participants and beneficiaries.

A true and accurate copy of the June 2017 through November 2017 summary sheet is
attached hereto as Exhibit E.

22.    The Company's actions in failing to submit timely contributions violate Section
515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

23.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of
the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust
Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and
liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable

attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Legacy Underground Corporation, as follows:

      a.      entering judgment in sum certain against the Company on the amounts due and owing pursuant to the June 2017 through November 2017 benefits reports, including benefits, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

      b.      awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT IV

### (Failure to Pay Union Dues as Revealed by Submitted Reports)

For a cause of action by Plaintiffs against Defendant Legacy Underground Corporation:

24.      Plaintiffs reallege paragraphs 1 through 23 of the Complaint, as though fully set forth herein.

25.      Notwithstanding the obligations imposed by the Agreement, the Company has performed covered work for the reporting period of June 2017 through August 2017, and submitted reports which revealed that the Company has failed to withhold and/or forward union dues that were deducted or should have been deducted from the wages of its employees in the amount of $9,850.47, thereby depriving the Union of income and information necessary to determine dues submission compliance. True and accurate copies of the June 2017 through August 2017 dues reports are attached hereto as Exhibit F.

26.     Pursuant to the Agreement, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Legacy Underground Corporation, as follows:

a.     entering judgment in sum certain against the Company on the amounts due and owing pursuant to the June 2017 through August 2017 dues and benefits reports, including dues, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

b.     awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT V

### (Failure to Submit Reports and Pay Employee Benefit Contributions)

For a cause of action by Plaintiffs against Defendant Legacy Underground Corporation:

27.     Plaintiffs reallege paragraphs 1 through 26 of the Complaint, as though fully set forth herein.

28.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to submit reports and pay all contributions to Plaintiff Laborers' Pension Fund for the period of December 2017 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

12

(b)    failed to submit reports and pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of December 2017 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to submit reports and pay all contributions to Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of December 2017 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)    failed to submit reports and pay all contributions to Laborers' Training Fund for the period of December 2017 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e)    failed to submit reports and pay all contributions owed to one or more of the other affiliated funds identified in paragraph 7 above for the period of December 2017 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

29.    The Company's actions in failing to submit timely reports violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

30.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust

13

Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Legacy Underground Corporation as follows:

a.      ordering the Company to submit benefit reports and pay all contributions for the time period of December 2017 forward and to submit to an audit on demand for the period of June 1, 2017 forward;

b.      entering judgment in sum certain against the Company on the amounts due and owing pursuant to the December 2017 forward benefits reports, and on the amounts found due and owing pursuant to the audit for the time period of June 1, 2017 forward, if any, including benefits, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

c.      awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

### COUNT VI

### (Failure to Submit Reports and Fully Pay Union Dues)

For a cause of action by Plaintiffs against Defendant Legacy Underground Corporation:

31.     Plaintiffs reallege paragraphs 1 through 30 of the Complaint, as though fully set forth herein.

14

32.     Notwithstanding the obligations imposed by the Agreement, the Company has: failed to submit Union dues reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of September 2017 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

33.     Pursuant to the Agreement and Federal Common Law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Legacy Underground Corporation as follows:

a.     ordering the Company to submit dues reports and pay all dues for the time period of September 2017 forward and to submit to an audit on demand for the period of June 1, 2017 forward;

b.     entering judgment in sum certain against the Company on the amounts due and owing pursuant to the September 2017 forward dues reports, and on the amounts found due and owing pursuant to the audit for the time period of June 1, 2017 forward, if any, including dues, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

c.     awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT VII

### (Default on Personal Guaranty)

For a cause of action by Plaintiffs against Defendants Legacy Underground Corporation and Sara Higgins:

34. Plaintiffs reallege paragraphs 1 through 26 as though fully set forth herein.

35. The Company entered into an Installment Note ("Note") with the Funds on or about October 3, 2016 to submit payment of contributions owed to the Funds on for the time period of May 2015 through June 2015 and January 2016 through July 2016. A true and accurate copy of the Note is attached hereto as Exhibit G.

36. Defendant Sara Higgins, (hereinafter "Higgins") is and at all times relevant was the President of Company and signed a Guaranty of Payment and Indemnification ("Guaranty") on or about October 3, 2016 individually guaranteeing payment of the amounts due under the Note to the Funds. A true and accurate copy of the Guaranty is attached hereto as Exhibit H.

37. Paragraph 8 of the Note provides that

> Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Fund's respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which the payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Fund's respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note. All amounts described in Paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorney fees and costs incurred by the Funds in any action to enforce any part or of this Note.

38. Paragraph 9 of the Note provides that

> This Installment Note is conditioned on the Company stating current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the

terms of the collective bargaining agreement and the Funds' respective
Agreements and Declarations of Trust, including, but not limited to, its
obligations to submit timely contribution and dues reports and to make timely
contribution and dues payments by the tenth day following the month in which
laborers' work was performed, then the Funds shall have the right to accelerate
and collect all amounts due under this Installment Note, plus payment of all
attorneys' fees and costs incurred by the Funds in any action to accelerate this
Installment Note.

39.     Paragraph 1 of the Guaranty provides that

The undersigned guarantees, absolutely and unconditionally: (a) the payment
when due of the entire principal indebtedness and all interest evidenced by the
Note during the thirty-six (36) month payment period including interest and
liquidated damages for the late or unpaid payments due on the note; and (b) the
full and complete payment of any and all fees and costs incurred pursuant to
default under terms of the Note, whether litigation is involved or not, . . . The
Guarantor also agrees to be personally liable for all monthly benefit contributions,
union dues and/or wages owed from the Company to the Funds, the District
Council, all ancillary funds, and/or the participants that are due at the time the
Note and Guaranty are entered into and/or are incurred and become due and owing
for the duration of the Note, including all interest, liquidated damages, audit costs,
attorneys' fees and costs.

40.     Paragraph 13 of the Guaranty provides that

The Guarantor hereby authorizes irrevocably any attorney of any court of record to
appear for him/her in such court, at any time after ten (10) days notice after
default in any payment due under this Guaranty, and confess judgement [sic]
against Guarantor, after service of notice of the claimed default, in favor of the
Funds for such amount to be unpaid and owed thereon, including interest,
liquidated damages and reasonable cost of collection including reasonable
attorneys' fees.

41.     By signing the Guaranty, Defendant Higgins guaranteed the Defendant

Company's monthly benefits and dues contributions that are incurred or become due and owing

for the duration of the Note. The duration of the Note was from October 3, 2016 (the date the

Installment Note was signed) through October 1, 2019 (the date of the last installment payment).

*See* paragraph 5 of the Note. Defendant Company's January through November 2017 monthly

17

benefits and dues reports became due and owing during the duration of the Note. Therefore, Defendant Higgins is liable for the delinquent reports and liquidated damages.

42. Pursuant to 28 U.S.C. § 1367, and the terms of the Note and Guaranty, Company and Higgins are liable to the Funds for the monthly benefits and dues contributions that are incurred or become due and owing for the duration of the Note, which includes:

(a) January through November 2017 benefits reports and contributions, including interest and liquidated damages;

(b) January through November 2017 dues reports and contributions, including liquidated damages; and

(c) attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Legacy Underground Corporation and Sara Higgins, joint and severally:

a. entering judgment in sum certain against Higgins and the Company on the amounts due and owing on the January through November 2017 benefits reports and contributions, according to the terms of the Guaranty, plus interest and liquidated damages, and the attorneys' fees and costs incurred by the Funds;

b. entering judgment in sum certain against Higgins and the Company on the amounts due and owing on the January through November 2017 dues reports and contributions, according to the terms of the Guaranty, plus liquidated damages, and the attorneys' fees and costs incurred by the Funds; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

February 7, 2018                                    Laborers' Pension Fund, et al.

                                                   By:  /s/ Kelly Carson Burtzlaff
                                                        Kelly Carson Burtzlaff

Kelly Carson Burtzlaff
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

19



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between _Legacy Underground Corp._ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to and hereby withdraws written approval from the Union. Notwithstanding the number of persons employed under this Agreement, the Employer shall abide by this Agreement, and all extensions hereof, and it waives any right it may have to terminate this agreement based upon the number of persons employed.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Mideast Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $1.90 per hour effective June 1, 2013, $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.00 per hour.

4. **Checkoff Deductions and Remittances.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Illinois Department of Revenue or other applicable standard.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in binding the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that unalloted grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or assignee, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signatures.

Dated: __10-1__, 20 _13_    _Legacy Underground Corporation_
                              (Employer)

FEIN No.: _____

**ACCEPTED:**
Laborers' Local Union No. ___2___

By _Doug J. Rinder_              By _Chris Heming, President_
                                    (Print Name and Title)

CONSTRUCTION AND GENERAL LABORERS'      By _____
DISTRICT COUNCIL OF CHICAGO AND VICINITY      (Signature)

By _Jon P. Connolly, Business Manager_   _700 W Calendar Avenue, 221_
                                          (Address)

By _____                        _LaGrange, IL 60525_
Charles LaVerde, Secretary-Treasurer          (City, State and Zip Code)

For Office Use Only:  CAICA                _708-291-4955_
                                          (Telephone/Fax)

                                          _____
                                          (Email Address)

**EXHIBIT A**

LEGACY UNDERGROUND CORP.
106 W. CALENDAR AVE.
LAGRANGE, IL 60525

EMPLOYER #35398

APRIL 1, 2014 – MAY 31, 2017



EXHIBIT
B



**BK** BANSLEY AND KIENER, L.L.P.
CERTIFIED PUBLIC ACCOUNTANTS

O'HARE PLAZA
8745 WEST HIGGINS ROAD
SUITE 200
CHICAGO, ILLINOIS 60631

TEL: (312) 263-2700
FAX: (312) 263-6935
WWW.BK-CPA.COM

August 4, 2017

Board of Trustees
Pension and Welfare Funds of Construction and General
    Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of Legacy Underground Corp., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period April 1, 2014 to May 31, 2017. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review. Any findings are not based upon observations of employees doing actual work.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.




-2-

The findings of this report should not be construed as an endorsement or ratification of any of the company's contribution practices. The finding is based solely on those documents that the employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation or advice concerning any terms of the collective bargaining agreement between the company and the Union or the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the company's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

This report is not a determination of withdrawal liability owed under the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. Section 1101, et al.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council

## Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31 2014 | 5-31 2015 | 5-31 2016 | 5-31 2017 | Total Due |
|---|---|---|---|---|---|
| Fringe Hours Not Reported | 0.00 | 0.50 | 336.50 | 8,567.25 | 8,904.25 |
| Dues Hours Not Reported | 0.00 | 0.50 | 2,810.50 | 12,987.00 | 15,798.00 |
| Wages Not Reported | 0.00 | 0.00 | 120,284.98 | 555,743.04 | 676,028.02 |
| **Dollar Amount Due** | | | | | |
| Welfare | 0.00 | 4.99 | 3,358.27 | 85,501.17 | 88,864.43 |
| Retiree Welfare Prefunding | N/A | 1.90 | 1,346.00 | 36,410.82 | 37,758.72 |
| Pension | 0.00 | 5.06 | 3,607.28 | 99,123.09 | 102,735.43 |
| Training | 0.00 | 0.25 | 168.25 | 4,283.64 | 4,452.14 |
| CAICA | 0.00 | 0.04 | 224.84 | 1,038.96 | 1,263.84 |
| LECET | 0.00 | 0.04 | 196.75 | 909.09 | 1,105.88 |
| LMCC | 0.00 | 0.06 | 477.80 | 2,207.80 | 2,685.66 |
| Working Dues | 0.00 | 0.00 | 4,510.68 | 20,840.36 | 25,351.04 |
| **Total** | 0.00 | 12.34 | 13,889.87 | 250,314.93 | 264,217.14 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 16,590.15 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 0.00 |
| Audit Fee | 2,568.75 |
| Total amount due | 283,376.04 |

| | | | |
|---|---|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours

|  |  |  | 2014 |  |  |  |  |  |  | 2015 |  |  |  |  | Total |
| SS# | Name | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | SALEH, ODEH | 0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 |
|  | Total | 0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 |

|  | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 4.99 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.99 |
| Retiree Welfare Prefunding | $3.80 | 1.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.90 |
| Pension | $10.12 | 5.06 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.06 |
| Training | $0.50 | 0.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.25 |
| CAICA | $0.08 | 0.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.04 |
| LECET | $0.07 | 0.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.04 |
| LMCC | $0.12 | 0.06 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.06 |
| Working Dues | 3.25% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total |  | 12.34 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.34 |

| Employer Name - | LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
|---|---|---|---|
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

4

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | Jun | Jul | Aug | 2014 Sep | Oct | Nov | Dec | Jan | Feb | 2015 Mar | Apr | May | Total Wages |
|-----|------|-|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|------|
| | SALEH, ODEH | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Rate - 3.25% of gross wages

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|-|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Dues | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| | | |
|---|---|---|
| Employer Name - LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
| Employer - 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

5

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Totals

| Totals | Rate | 2015 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2016 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL FRINGE HOURS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 328.50 | 8.00 | 0.00 | 336.50 |
| TOTAL DUES HOURS | | 0.00 | 0.50 | 2,473.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 328.50 | 8.00 | 0.00 | 2,810.50 |
| TOTAL WAGES | | 0.00 | 0.00 | 98,887.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,137.63 | 13,318.63 | 2,813.94 | 4,127.20 | 120,284.98 |

| | Rate | 2015 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2016 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,278.43 | 79.84 | 0.00 | 3,358.27 |
| Retiree Welfare Prefunding | $4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,314.00 | 32.00 | 0.00 | 1,346.00 |
| Pension | $10.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,521.52 | 85.76 | 0.00 | 3,607.28 |
| Training | $0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 164.25 | 4.00 | 0.00 | 168.25 |
| CAICA | $0.08 | 0.00 | 0.04 | 197.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.28 | 0.64 | 0.00 | 224.84 |
| LECET | $0.07 | 0.00 | 0.04 | 173.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 23.00 | 0.56 | 0.00 | 196.75 |
| LMCC | $0.17 | 0.00 | 0.09 | 420.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 55.85 | 1.36 | 0.00 | 477.80 |
| Working Dues | 3.75% | 0.00 | 0.00 | 3,708.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 42.66 | 499.45 | 105.52 | 154.77 | 4,510.68 |
| Total | | 0.00 | 0.17 | 4,499.81 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 42.66 | 8,882.78 | 309.68 | 154.77 | 13,889.87 |

| | | | |
|---|---|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Welfare, Retiree Welfare Prefunding, Pension, & Training Funds

| SS# | Name | Rate | 2015 | | | | | | | | | 2016 | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | ADAMS, TIMOTHY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BONILLA, GUILLERMO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 8.00 | 0.00 | 32.00 |
| | BONILLA-MADERA, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | CARRASCO, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | DELGUIDICE, GINA | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | FLORES, ALBERTO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | GRUSZKA, GRZEGORZ | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.50 | 0.00 | 0.00 | 6.50 |
| | GUZMAN, MARCO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | HERNANDEZ FRANCO, JOSE LUIS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | 0.00 | 16.00 |
| | HIGGINS, MONROE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | HIGGINS IV, MONROE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | MARTIN, DENISE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | OGLESBY JR, ANTHONY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PAREDES, DAVID | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PEREZ, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | PEREZ, JUAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | RAMOS, ANGEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | RATKOVICH, MICHAEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32.00 | 0.00 | 0.00 | 32.00 |
| | SALEH, ODEH | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 0.00 | 10.00 |
| | SHANNON-FREEMAN, YVONNE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | SOLIS, FRANCISCO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | THOMAS, DERRICK | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | VERA, VICENTE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 328.50 | 8.00 | 0.00 | 336.50 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,278.43 | 79.84 | 0.00 | 3,358.27 |
| Retiree Welfare Prefunding | $4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,314.00 | 32.00 | 0.00 | 1,346.00 |
| Pension | $10.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,521.52 | 85.76 | 0.00 | 3,607.28 |
| Training | $0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 164.25 | 4.00 | 0.00 | 168.25 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,278.20 | 201.60 | 0.00 | 8,479.80 |

| | | | |
|---|---|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

7

# Laborers' District Council

### Reconciliation Between Actual and Reported Hours - CAICA, LECET, & LMCC Funds

| SS# | Name | Rate | Jun | Jul | Aug (2015) | Sep | Oct | Nov | Dec | Jan | Feb | Mar (2016) | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ADAMS, TIMOTHY | | 0.00 | 0.00 | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32.00 |
| | BONILLA, GUILLERMO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 8.00 | 0.00 | 32.00 |
| | BONILLA-MADERA, JOSE | | 0.00 | 0.00 | 209.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 249.00 |
| | CARRASCO, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | DELGIUDICE, GINA | | 0.00 | 0.00 | 103.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 103.50 |
| | FLORES, ALBERTO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 40.00 |
| | GRUSZKA, GRZEGORZ | | 0.00 | 0.50 | 147.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.50 | 0.00 | 0.00 | 153.50 |
| | GUZMAN, MARCO | | 0.00 | 0.00 | 182.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 223.00 |
| | HERNANDEZ FRANCO, JOSE LUIS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | 0.00 | 16.00 |
| | HIGGINS, MONROE | | 0.00 | 0.00 | 160.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 |
| | HIGGINS IV, MONROE | | 0.00 | 0.00 | 165.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 205.00 |
| | MARTIN, DENISE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | OGLESBY JR, ANTHONY | | 0.00 | 0.00 | 166.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 166.00 |
| | PAREDES, DAVID | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PEREZ, JOSE | | 0.00 | 0.00 | 206.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 246.00 |
| | PEREZ, JUAN | | 0.00 | 0.00 | 209.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 249.00 |
| | RAMOS, ANGEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | RATKOVICH, MICHAEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32.00 | 0.00 | 0.00 | 32.00 |
| | SALEH, ODEH | | 0.00 | 0.00 | 192.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 0.00 | 202.00 |
| | SHANNON-FREEMAN, YVONNE | | 0.00 | 0.00 | 190.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 190.00 |
| | SOLIS, FRANCISCO | | 0.00 | 0.00 | 214.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 214.00 |
| | THOMAS, DERRICK | | 0.00 | 0.00 | 99.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 99.50 |
| | VERA, VICENTE | | 0.00 | 0.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 198.00 |
| | Total | | 0.00 | 0.50 | 2,473.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 328.50 | 8.00 | 0.00 | 2,810.50 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | $0.08 | 0.00 | 0.04 | 197.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.28 | 0.64 | 0.00 | 224.84 |
| LECET | $0.07 | 0.00 | 0.04 | 173.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 23.00 | 0.56 | 0.00 | 196.75 |
| LMCC | $0.17 | 0.00 | 0.09 | 420.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 55.85 | 1.36 | 0.00 | 477.80 |
| Working Dues | 3.75% | 0.00 | 0.00 | 3,708.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 42.66 | 498.45 | 105.52 | 154.77 | 4,510.68 |
| Total | | 0.00 | 0.17 | 4,499.81 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 42.66 | 604.58 | 108.08 | 154.77 | 5,410.07 |

| | |
|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. |
| Employer - | 35398 |
| Date of Audit - | JUNE 21-22, 2017 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 |
| Person Contacted - | CARLOS LUNA |
| Date of Contact - | MAY 9, 2017 |
| Telephone - | 708-485-5780 |
| Auditor - | DANIEL TIMM |

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2015 | | | | | | | 2016 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Wages |
| | ADAMS, TIMOTHY | 0.00 | 0.00 | 1,254.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,254.40 |
| | BONILLA, GUILLERMO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,176.00 | 343.00 | 284.20 | 1,803.20 |
| | BONILLA-MADERA, JOSE | 0.00 | 0.00 | 8,369.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,607.20 | 235.20 | 411.60 | 10,623.20 |
| | CARRASCO, JOSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.80 | 58.80 |
| | DELGIUDICE, GINA | 0.00 | 0.00 | 2,522.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,522.52 |
| | FLORES, ALBERTO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,617.00 | 88.20 | 98.00 | 1,803.20 |
| | GRUSZKA, GRZEGORZ | 0.00 | 0.00 | 5,978.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 343.00 | 88.20 | 245.00 | 6,654.20 |
| | GUZMAN, MARCO | 0.00 | 0.00 | 7,912.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 695.23 | 2,356.63 | 641.84 | 960.40 | 12,556.68 |
| | HERNANDEZ FRANCO, JOSE LUIS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 627.20 | 0.00 | 0.00 | 627.20 |
| | HIGGINS, MONROE | 0.00 | 0.00 | 6,272.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,272.00 |
| | HIGGINS IV, MONROE | 0.00 | 0.00 | 6,566.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,568.00 | 0.00 | 0.00 | 8,134.00 |
| | MARTIN, DENISE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 196.00 | 196.00 |
| | OGLEBSY JR, ANTHONY | 0.00 | 0.00 | 6,624.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,624.80 |
| | PAREDES, DAVID | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 29.40 | 196.00 | 225.40 |
| | PEREZ, JOSE | 0.00 | 0.00 | 8,349.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,617.00 | 313.60 | 392.00 | 10,672.20 |
| | PEREZ, JUAN | 0.00 | 0.00 | 8,967.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 403.20 | 1,904.00 | 907.90 | 971.60 | 13,153.70 |
| | RAMOS, ANGEL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 107.80 | 0.00 | 107.80 |
| | RATKOVICH, MICHAEL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32.20 | 0.00 | 0.00 | 32.20 |
| | SALEH, ODEH | 0.00 | 0.00 | 7,683.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 39.20 | 470.40 | 58.80 | 245.00 | 8,496.60 |
| | SHANNON-FREEMAN, YVONNE | 0.00 | 0.00 | 7,604.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,604.80 |
| | SOLIS, FRANCISCO | 0.00 | 0.00 | 8,663.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,663.20 |
| | THOMAS, DERRICK | 0.00 | 0.00 | 4,201.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,201.88 |
| | VERA, VICENTE | 0.00 | 0.00 | 7,918.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.60 | 7,987.00 |
| | **Total** | 0.00 | 0.00 | 98,887.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,137.63 | 13,318.63 | 2,813.94 | 4,127.20 | 120,284.98 |

Rate - 3.75% of gross wages

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dues | 0.00 | 0.00 | 3,708.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 42.66 | 499.45 | 105.52 | 154.77 | 4,510.68 |

| | |
|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. |
| Employer - | 35398 |
| Date of Audit - | JUNE 21-22, 2017 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 |

| | |
|---|---|
| Person Contacted - | CARLOS LUNA |
| Date of Contact - | MAY 9, 2017 |
| Telephone - | 708-485-5780 |
| Auditor - | DANIEL TIMM |

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours - Totals

| Totals | Rate | 2016 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2017 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL FRINGE HOURS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,525.25 | 1,726.75 | 1,822.75 | 1,860.50 | 1,632.00 | 8,567.25 |
| TOTAL DUES HOURS | | 0.00 | 0.00 | 2,343.00 | 0.00 | 0.00 | 1,130.75 | 946.00 | 1,525.25 | 1,726.75 | 1,822.75 | 1,860.50 | 1,632.00 | 12,987.00 |
| TOTAL WAGES | | 4,289.73 | 6,845.10 | 99,980.97 | 0.00 | 0.00 | 44,852.06 | 37,509.04 | 64,914.21 | 75,112.22 | 77,639.05 | 75,754.92 | 68,845.74 | 555,743.04 |

| | Rate | 2016 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2017 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15,222.00 | 17,232.97 | 18,191.05 | 18,567.79 | 16,287.36 | 85,501.17 |
| Retiree Welfare Prefunding | $4.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,482.31 | 7,338.69 | 7,746.69 | 7,907.13 | 6,936.00 | 36,410.82 |
| Pension | $11.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17,647.14 | 19,978.50 | 21,089.22 | 21,525.99 | 18,882.24 | 99,123.09 |
| Training | $0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 762.63 | 863.38 | 911.38 | 930.25 | 816.00 | 4,283.64 |
| CAICA | $0.08 | 0.00 | 0.00 | 187.44 | 0.00 | 0.00 | 90.46 | 75.68 | 122.02 | 138.14 | 145.82 | 148.84 | 130.56 | 1,038.96 |
| LECET | $0.07 | 0.00 | 0.00 | 164.01 | 0.00 | 0.00 | 79.15 | 66.22 | 106.77 | 120.87 | 127.59 | 130.24 | 114.24 | 909.09 |
| LMCC | $0.17 | 0.00 | 0.00 | 388.31 | 0.00 | 0.00 | 192.23 | 160.82 | 259.29 | 293.55 | 309.87 | 316.29 | 277.44 | 2,207.80 |
| Working Dues | 3.75% | 160.86 | 256.69 | 3,749.29 | 0.00 | 0.00 | 1,681.95 | 1,406.59 | 2,434.28 | 2,816.71 | 2,911.46 | 2,840.81 | 2,581.72 | 20,840.36 |
| Total | | 160.86 | 256.69 | 4,499.05 | 0.00 | 0.00 | 2,043.79 | 1,709.31 | 43,036.44 | 48,782.81 | 51,433.08 | 52,367.34 | 46,025.56 | 250,314.93 |

| | | | |
|---|---|---|---|
| Employer Name - LEGACY UNDERGROUND CORP. | | Person Contacted - | CARLOS LUNA |
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

10

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Welfare, Retiree Welfare Prefunding, Pension, & Training Funds

| SS# | Name | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 2016 | | | | | | | 2017 | | | |
| | BONILLA, GUILLERMO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 136.00 | 109.50 | 169.00 | 196.50 | 189.50 | 800.50 |
| | BONILLA-MADERA, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 98.00 | 88.00 | 168.00 | 68.00 | 0.00 | 422.00 |
| | CALDERON, JESUS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 121.00 | 143.50 | 196.50 | 184.00 | 113.00 | 758.00 |
| | FLORES, ALBERTO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 99.50 | 161.00 | 0.00 | 40.00 | 64.00 | 364.50 |
| | GRUSZKA, GRZEGORZ | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | GUZMAN, MARCO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.00 | 222.00 | 140.00 | 0.00 | 0.00 | 420.00 |
| | HIGGINS, MONROE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 128.00 | 128.00 | 163.00 | 191.00 | 160.00 | 770.00 |
| | HIGGINS IV, MONROE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 | 160.00 | 160.00 | 200.00 | 160.00 | 840.00 |
| | MARTIN, DENISE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 80.00 | 84.00 |
| | MARTINEZ, OSCAR | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 | 117.50 | 277.50 |
| | MUNOZ, JUAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PAREDES, DAVID | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PEREZ, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 176.00 | 158.50 | 155.50 | 188.50 | 189.50 | 868.00 |
| | PEREZ, JUAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 74.00 | 56.00 | 88.00 | 0.00 | 0.00 | 218.00 |
| | RAMIREZ, JAMES | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 167.50 | 198.00 | 190.00 | 192.00 | 137.00 | 884.50 |
| | RATKOVICH, MICHAEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 177.75 | 98.25 | 167.75 | 198.50 | 151.00 | 793.25 |
| | RODRIGUEZ, MICHAEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | SALEH, ODEH | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | SHANNON-FREEMAN, YVONNE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 104.00 | 122.50 | 65.00 | 291.50 |
| | SOLIS, FRANCISCO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 129.50 | 204.00 | 121.00 | 0.00 | 0.00 | 454.50 |
| | VERA, VICENTE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 115.50 | 181.50 | 297.00 |
| | WHITAKER, JATTAUN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 24.00 |
| | **Total** | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,525.25 | 1,726.75 | 1,822.75 | 1,860.50 | 1,632.00 | 8,567.25 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15,222.00 | 17,232.97 | 18,191.05 | 18,567.79 | 16,287.36 | 85,501.17 |
| Retiree Welfare Prefunding | $4.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,482.31 | 7,338.69 | 7,746.69 | 7,907.13 | 6,936.00 | 36,410.82 |
| Pension | $11.57 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17,647.14 | 19,978.50 | 21,098.22 | 21,525.99 | 19,882.24 | 99,123.09 |
| Training | $0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 762.63 | 863.38 | 911.38 | 930.25 | 816.00 | 4,283.64 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40,114.08 | 45,413.54 | 47,893.34 | 48,931.16 | 42,921.60 | 225,318.72 |

| | | | |
|---|---|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - CAICA, LECET, & LMCC Funds

| SS# | Name | Rate | 2016 | | | | | | | 2017 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | BONILLA, GUILLERMO | | 0.00 | 0.00 | 190.50 | 0.00 | 0.00 | 147.00 | 64.00 | 136.00 | 109.50 | 189.00 | 196.50 | 189.50 | 1,202.00 |
| | BONILLA-MADERA, JOSE | | 0.00 | 0.00 | 179.50 | 0.00 | 0.00 | 0.00 | 88.00 | 98.00 | 88.00 | 168.00 | 68.00 | 0.00 | 835.50 |
| | CALDERON, JESUS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 121.00 | 143.50 | 196.50 | 184.00 | 113.00 | 758.00 |
| | FLORES, ALBERTO | | 0.00 | 0.00 | 96.00 | 0.00 | 0.00 | 0.00 | 8.00 | 99.50 | 161.00 | 0.00 | 40.00 | 64.00 | 468.50 |
| | GRUSZKA, GRZEGORZ | | 0.00 | 0.00 | 185.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 185.50 |
| | GUZMAN, MARCO | | 0.00 | 0.00 | 149.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.00 | 222.00 | 140.00 | 0.00 | 0.00 | 569.00 |
| | HIGGINS, MONROE | | 0.00 | 0.00 | 128.00 | 0.00 | 0.00 | 136.00 | 160.00 | 128.00 | 128.00 | 163.00 | 191.00 | 160.00 | 1,194.00 |
| | HIGGINS IV, MONROE | | 0.00 | 0.00 | 160.00 | 0.00 | 0.00 | 160.00 | 200.00 | 160.00 | 160.00 | 160.00 | 200.00 | 160.00 | 1,360.00 |
| | MARTIN, DENISE | | 0.00 | 0.00 | 111.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 80.00 | 195.50 |
| | MARTINEZ, OSCAR | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 | 117.50 | 277.50 |
| | MUNOZ, JUAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PAREDES, DAVID | | 0.00 | 0.00 | 198.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 198.50 |
| | PEREZ, JOSE | | 0.00 | 0.00 | 185.00 | 0.00 | 0.00 | 115.00 | 126.00 | 176.00 | 158.50 | 155.50 | 188.50 | 189.00 | 1,294.00 |
| | PEREZ, JUAN | | 0.00 | 0.00 | 139.50 | 0.00 | 0.00 | 106.00 | 110.00 | 74.00 | 56.00 | 88.00 | 0.00 | 0.00 | 573.50 |
| | RAMIREZ, JAMES | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 167.50 | 198.00 | 190.00 | 192.00 | 137.00 | 884.50 |
| | RATKOVICH, MICHAEL | | 0.00 | 0.00 | 158.00 | 0.00 | 0.00 | 167.75 | 142.00 | 177.75 | 98.25 | 167.75 | 198.50 | 151.00 | 1,261.00 |
| | RODRIGUEZ, MICHAEL | | 0.00 | 0.00 | 130.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 130.00 |
| | SALEH, ODEH | | 0.00 | 0.00 | 169.50 | 0.00 | 0.00 | 137.00 | 48.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 354.50 |
| | SHANNON-FREEMAN, YVONNE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 104.00 | 122.50 | 65.00 | 291.50 |
| | SOLIS, FRANCISCO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 129.50 | 204.00 | 121.00 | 0.00 | 0.00 | 454.50 |
| | VERA, VICENTE | | 0.00 | 0.00 | 162.50 | 0.00 | 0.00 | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 115.50 | 181.50 | 475.50 |
| | WHITAKER, JATTAUN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 24.00 |
| | | Total | 0.00 | 0.00 | 2,343.00 | 0.00 | 0.00 | 1,130.75 | 946.00 | 1,525.25 | 1,726.75 | 1,822.75 | 1,860.50 | 1,632.00 | 12,987.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | $0.08 | 0.00 | 0.00 | 187.44 | 0.00 | 0.00 | 90.46 | 75.68 | 122.02 | 138.14 | 145.82 | 148.84 | 130.56 | 1,038.96 |
| LECET | $0.07 | 0.00 | 0.00 | 164.01 | 0.00 | 0.00 | 79.15 | 66.22 | 106.77 | 120.87 | 127.59 | 130.24 | 114.24 | 909.09 |
| LMCC | $0.17 | 0.00 | 0.00 | 398.31 | 0.00 | 0.00 | 192.23 | 160.82 | 259.29 | 293.55 | 309.87 | 316.29 | 277.44 | 2,207.80 |
| Working Dues | 3.75% | 160.86 | 256.69 | 3,749.29 | 0.00 | 0.00 | 1,681.95 | 1,406.59 | 2,434.28 | 2,816.71 | 2,911.46 | 2,840.81 | 2,581.72 | 20,840.36 |
| Total | | 160.86 | 256.69 | 4,499.05 | 0.00 | 0.00 | 2,043.79 | 1,709.31 | 2,922.36 | 3,369.27 | 3,494.74 | 3,436.18 | 3,103.96 | 24,996.21 |

| | | | |
|---|---|---|---|
| Employer Name - | LEGACY UNDERGROUND CORP. | Person Contacted - | CARLOS LUNA |
| Employer - | 35398 | Date of Contact - | MAY 9, 2017 |
| Date of Audit - | JUNE 21-22, 2017 | Telephone - | 708-485-5780 |
| Audit Period - | APRIL 1, 2014 - MAY 31, 2017 | Auditor - | DANIEL TIMM |

12

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2016 | | | | | | | 2017 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | BONILLA, GUILLERMO | 80.60 | 572.85 | 8,653.05 | 0.00 | 0.00 | 5,969.70 | 2,572.80 | 5,788.80 | 4,512.45 | 6,974.70 | 8,150.55 | 8,371.65 | 51,647.15 |
| | BONILLA-MADERA, JOSE | 508.20 | 462.30 | 8,110.35 | 0.00 | 0.00 | 5,909.40 | 3,537.60 | 3,979.80 | 3,537.60 | 6,914.40 | 2,814.00 | 0.00 | 35,773.65 |
| | CALDERON, JESUS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,527.50 | 6,241.05 | 8,632.95 | 7,396.80 | 4,904.40 | 32,702.70 |
| | FLORES, ALBERTO | 79.80 | 452.25 | 4,562.70 | 0.00 | 0.00 | 0.00 | 321.60 | 4,311.45 | 6,874.20 | 0.00 | 1,608.00 | 2,572.80 | 20,782.80 |
| | GRUSZKA, GRZEGORZ | 333.20 | 914.55 | 8,190.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9,438.50 |
| | GUZMAN, MARCO | 1,065.48 | 1,560.90 | 7,487.26 | 0.00 | 0.00 | 0.00 | 0.00 | 2,994.90 | 11,309.12 | 6,705.01 | 0.00 | 0.00 | 31,122.67 |
| | HIGGINS, MONROE | 0.00 | 0.00 | 5,145.60 | 0.00 | 0.00 | 5,467.20 | 6,432.00 | 5,145.60 | 5,145.60 | 6,612.90 | 7,678.20 | 6,432.00 | 48,059.10 |
| | HIGGINS IV, MONROE | 0.00 | 0.00 | 6,432.00 | 0.00 | 0.00 | 6,432.00 | 8,040.00 | 6,432.00 | 6,432.00 | 7,392.00 | 9,240.00 | 7,392.00 | 57,792.00 |
| | MARTIN, DENISE | 27.80 | 80.40 | 4,633.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.80 | 3,376.80 | 8,278.85 |
| | MARTINEZ, OSCAR | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,432.00 | 4,753.65 | 11,185.65 |
| | MUNOZ, JUAN | 4.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.80 |
| | PAREDES, DAVID | 162.20 | 572.85 | 9,135.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9,870.50 |
| | PEREZ, JOSE | 375.60 | 140.70 | 8,271.15 | 0.00 | 0.00 | 4,683.30 | 5,185.80 | 7,879.20 | 6,994.75 | 6,261.15 | 7,828.95 | 8,371.65 | 55,982.25 |
| | PEREZ, JUAN | 1,168.65 | 1,485.30 | 6,202.75 | 0.00 | 0.00 | 4,601.00 | 4,959.00 | 3,225.00 | 2,408.00 | 3,956.00 | 0.00 | 0.00 | 27,905.70 |
| | RAMIREZ, JAMES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,366.65 | 8,884.20 | 8,241.00 | 7,798.80 | 5,788.80 | 38,079.45 |
| | RATKOVICH, MICHAEL | 0.00 | 0.00 | 5,849.78 | 0.00 | 0.00 | 5,618.76 | 4,830.84 | 6,223.26 | 3,472.05 | 5,796.84 | 6,637.02 | 5,153.64 | 43,181.97 |
| | RODRIGUEZ, MICHAEL | 0.00 | 0.00 | 3,437.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,437.10 |
| | SALEH, ODEH | 64.80 | 271.35 | 7,346.55 | 0.00 | 0.00 | 5,527.50 | 1,929.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15,139.80 |
| | SHANNON-FREEMAN, YVONNE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,180.80 | 5,135.55 | 2,713.50 | 12,029.85 |
| | SOLIS, FRANCISCO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,040.05 | 9,311.20 | 5,971.30 | 0.00 | 0.00 | 21,322.55 |
| | VERA, VICENTE | 418.80 | 331.65 | 6,723.45 | 0.00 | 0.00 | 643.20 | 0.00 | 0.00 | 0.00 | 0.00 | 4,874.25 | 8,050.05 | 21,041.20 |
| | WHITAKER, JATTAUN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 964.80 | 964.80 |
| | **Total** | 4,289.73 | 6,845.10 | 99,980.97 | 0.00 | 0.00 | 44,852.05 | 37,509.04 | 64,914.21 | 75,112.22 | 77,639.05 | 75,754.92 | 68,845.74 | 555,743.04 |

Rate - 3.75% of gross wages

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Dues** | 160.86 | 256.69 | 3,749.29 | 0.00 | 0.00 | 1,681.95 | 1,406.59 | 2,434.28 | 2,816.71 | 2,911.46 | 2,840.81 | 2,581.72 | 20,840.36 |

Employer Name - LEGACY UNDERGROUND CORP.    Person Contacted - CARLOS LUNA

Employer - 35398    Date of Contact - MAY 9, 2017

Date of Audit - JUNE 21-22, 2017    Telephone - 708-485-5780

Audit Period - APRIL 1, 2014 - MAY 31, 2017    Auditor - DANIEL TIMM

13

14

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

| | | | |
|---|---|---|---|
| EMPLOYER'S NAME | LEGACY UNDERGROUND CORP. | EMPLOYER # | 35398 |
| ADDRESS | 106 W. CALENDAR AVE. | PHONE # | 708-485-5780 |
| CITY/STATE/ZIP | LAGRANGE, IL 60525 | FEIN # | |
| DATE OF CONTACT | MAY 9, 2017 | AUDIT PERIOD | 4/1/14 - 5/31/17 |
| CONTACT'S NAME | CARLOS LUNA | TITLE | OFFICE MANAGER |
| PERSON FUND IS TO CONTACT | SAME AS ABOVE | TITLE | SAME AS ABOVE |
| ENTITY TYPE | CORPORATION | FIELD REP. | MIKE CHRISTOPHER |
| BUSINESS ACTIVITY | SITE UTILITIES | | |

AVERAGE NUMBER OF EMPLOYEES          50

AVERAGE NUMBER OF LABORERS          25

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| SARA HIGGINS | PRESIDENT | 100% | |
| | | | |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NO.

DOES EMPLOYER HAVE INTEREST IN OTHER OPERATIONS?

☐ YES          ☒ NO

IF YES, LIST NAMES OF SAME          N/A

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?

☐ YES          ☒ NO

IF YES, LIST NAMES OF SAME          N/A

15

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

AUDIT DATE     JUNE 21-22, 2017

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS):  9345 SOUTHVIEW AVE.

                         BROOKFIELD, IL 60513

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF:  N/A

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY:  THE EMPLOYER IS DELINQUENT TO THE

PENSION AND WELFARE FUNDS FOR JANUARY THROUGH MAY 2017 AND TO THE DISTRICT COUNCIL FUNDS

FOR AUGUST 2015, AUGUST 2016, NOVEMBER 2016, DECEMBER 2016, AND JANUARY THROUGH MAY 2017.  THE

OTHER DEFICIENCIES WERE CLERICAL ERRORS.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE
ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

                  [X] YES    [ ] NO

IF YES, EXPLAIN:     SEE ATTACHED MEMO REGARDING AUDIT COST.

AUDITOR:       DANIEL TIMM

# LABORERS' PENSION & WELFARE FUNDS

AUDIT    4/1/2014/5/31/2017

EMPLOYER    LEGACY UNDERGROUND CORP      FIELD REP   MC      CODE   35398

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CAICA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-1-2014-5-31-2015 | 0.50 | 4.99 | 9.98 | 1.90 | 3.80 | 5.06 | 10.12 | 0.25 | 0.50 | | 0.06 | 0.12 | 0.04 | 0.08 | 0.04 | 0.07 | 12.34 |
| 6-1-2015-5-31-2016 | 336.50 | 3,358.27 | 9.98 | 1,346.00 | 4.00 | 3,607.28 | 10.72 | 168.25 | 0.50 | 4,510.68 | 477.80 | 0.17 | 224.84 | 0.08 | 196.75 | 0.07 | 13,889.87 |
| 6-1-2016-5-31-2017 | 8,567.25 | 85,501.16 | 9.98 | 36,410.81 | 4.25 | 99,123.08 | 11.57 | 4,283.63 | 0.50 | 20,840.36 | 2,207.80 | 0.17 | 1,038.96 | 0.08 | 909.09 | 0.07 | 250,314.00 |
| REPORTED | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 8,904.25 | 88,864.42 | | 37,758.71 | | 102,735.42 | | 4,452.13 | | 25,351.04 | 2,685.66 | | 1,263.84 | | 1,105.88 | | 264,217.49 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | 2,535.10 | 268.57 | | 126.38 | | 110.59 | | 3,040.64 |
| 20% LIQUIDATED DAMAGES | | 17,772.88 | | 7,551.74 | | 20,547.08 | | 890.43 | | | | | | | | | 46,762.11 |
| AUDIT COSTS | | 873.38 | | 847.69 | | 847.06 | | | | | | | | | | | 2,568.87 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | 6,522.67 | | 2,715.86 | | 7,351.62 | | | | | | | | | | | 16,590.73 |
| ACCUM. INTEREST | | 4,302.78 | | 1,963.47 | | 5,203.78 | | 302.74 | | | 412.56 | | 187.25 | | 173.78 | | 12,546.28 |
| TOTAL DUE | | 118,336.13 | | 50,837.47 | | 136,685.58 | | 5,645.30 | | 27,886.14 | 3,366.79 | | 1,577.47 | | 1,390.25 | | 345,725.13 |



EXHIBIT C

PRINTED: 02/01/2018

TRANSACTION 1531148

BATCH# 222

# LABORERS' PENSION & WELFARE FUND
## JOURNAL REPORT PRINT

Page 1 of 1

| CONTRACTOR 035398 | | |
|---|---|---|
| LEGACY UNDERGROUND | | |
| ATTN: CHRIS HIGGINS | | |
| 106 W CALENDAR AVE STE 221 | | |
| LAGRANGE IL 60525-2325 | | |

| | |
|---|---|
| RECEIVED DATE | 2/22/2222 |
| REPORT DATE | 06/2017 |
| REPORT TYPE | REG |
| TYPE OF HOURS | |
| REPORT STATUS | U |

**COMMENT:** pending coupon payment

| CNT | SOC SEC # | NAME | LOCAL | HOURS | NAME RELATED PROBLEM |
|---|---|---|---|---|---|
| 1 | | MONROE HIGGINS | 0002 | 160.00 | |
| 2 | | MICHAEL RATKOVICH | 0002 | 139.50 | |
| 3 | | MONROE HIGGINS | 0681 | 144.00 | |
| 4 | | JOSE PEREZ | 0002 | 124.00 | |
| 5 | | GUILLERMO BONILLA | 0096 | 144.00 | |
| 6 | | OSCAR MARTINEZ | 0004 | 127.00 | |
| 7 | | DENISE MARTIN | 0004 | 8.00 | |
| 8 | | JAMES RAMIREZ | 0002 | 116.00 | |
| 9 | | VICENTE VERA | 0002 | 144.00 | |
| 10 | | JATTAUN WHITAKER | 0004 | 120.00 | |
| 11 | | JESUS CALDERON | | 119.00 | |

| | | | |
|---|---|---|---|
| NUMBER OF LABORERS | 11 | | |
| TOTAL HOURS | 1,345.50 | CAL. HOURS | 1,345.50 |
| CHECK AMOUNT | $36,960.89 | | |

| FUND | RATE | PREVIOUS AMOUNT | CALCULATED AMOUNT | CONTRIBUTED AMOUNT | DIFF | PENALTY | EXTERNAL LEGAL | INTERNAL LEGAL | AUDIT DEPOSIT | MISC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 10.15 | | 13,656.83 | 13,656.83 | 0.00 | | | | | |
| Retiree Welfare | 4.50 | | 6,054.75 | 6,054.75 | 0.00 | | | | | |
| Pension | 12.32 | | 16,576.56 | 16,576.56 | 0.00 | | | | | |
| Training | 0.50 | | 672.75 | 672.75 | 0.00 | | | | | |
| | | | 36,960.89 | 36,960.89 | 0.00 | | | | | |



EXHIBIT

D

PRINTED: 02/01/2018
TRANSACTION 1533906
BATCH# 222

# LABORERS' PENSION & WELFARE FUND
# JOURNAL REPORT PRINT

Page 1 of 1

CONTRACTOR  035398
   LEGACY UNDERGROUND
   ATTN:  CHRIS HIGGINS
   106 W CALENDAR AVE  STE 221
   LAGRANGE IL 60525-2325

| | |
|---|---|
| RECEIVED DATE | 2/22/2222 |
| REPORT DATE | 07/2017 |
| REPORT TYPE | REG |
| TYPE OF HOURS | |
| REPORT STATUS | U |

**COMMENT: pending coupon payment**

| CNT | SOC SEC # | NAME | LOCAL | HOURS | NAME RELATED PROBLEM |
|---|---|---|---|---|---|
| 1 | | MICHAEL RATKOVICH | 0002 | 105.00 | |
| 2 | | MONROE HIGGINS | 0681 | 137.00 | |
| 3 | | JOSE PEREZ | 0002 | 207.50 | |
| 4 | | GUILLERMO BONILLA | 0096 | 203.50 | |
| 5 | | RAMON BARAJAS | 0225 | 70.00 | |
| 6 | | JESUS CALDERON | | 155.00 | |
| 7 | | JERMAINE WHITAKER | 0004 | 16.00 | |
| 8 | | DENISE MARTIN | 0004 | 190.00 | |
| 9 | | OSCAR MARTINEZ | 0004 | 196.50 | |
| 10 | | THOMAS NANCE | 0075 | 96.00 | |
| 11 | | JAMES RAMIREZ | 0002 | 191.00 | |
| 12 | | VICENTE VERA | 0002 | 204.50 | |
| 13 | | JATTAUN WHITAKER | 0004 | 66.50 | |
| 14 | | MONROE HIGGINS | 0002 | 200.00 | |

| | | | |
|---|---|---|---|
| NUMBER OF LABORERS | 14 | | |
| TOTAL HOURS | 2,038.50 | CAL. HOURS | 2,038.50 |
| CHECK AMOUNT | $55,997.60 | | |

| FUND | RATE | PREVIOUS AMOUNT | CALCULATED AMOUNT | CONTRIBUTED AMOUNT | DIFF | PENALTY | EXTERNAL LEGAL | INTERNAL LEGAL | AUDIT DEPOSIT | MISC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 10.15 | | 20,690.78 | 20,690.78 | 0.00 | | | | | |
| Retiree Welfare | 4.50 | | 9,173.25 | 9,173.25 | 0.00 | | | | | |
| Pension | 12.32 | | 25,114.32 | 25,114.32 | 0.00 | | | | | |
| Training | 0.50 | | 1,019.25 | 1,019.25 | 0.00 | | | | | |
| | | | 55,997.60 | 55,997.60 | 0.00 | | | | | |

PRINTED: 02/01/2018

**LABORERS' PENSION & WELFARE FUND**
**JOURNAL REPORT PRINT**

Page 1 of 1

TRANSACTION 1537917

BATCH# 222

CONTRACTOR 035398
    LEGACY UNDERGROUND
    ATTN: CHRIS HIGGINS
    106 W CALENDAR AVE STE 221
    LAGRANGE IL 60525-2325

| | |
|---|---|
| RECEIVED DATE | 2/22/2222 |
| REPORT DATE | 08/2017 |
| REPORT TYPE | REG |
| TYPE OF HOURS | |
| REPORT STATUS | X |

**COMMENT: pending coupon payment**

| CNT | SOC SEC # | NAME | LOCAL | HOURS | NAME RELATED PROBLEM |
|---|---|---|---|---|---|
| 1 | | MONROE HIGGINS | 0002 | 160.00 | |
| 2 | | MICHAEL RATKOVICH | 0002 | 48.50 | |
| 3 | | MONROE HIGGINS | 0681 | 150.50 | |
| 4 | | JOSE PEREZ | 0002 | 178.00 | |
| 5 | | GUILLERMO BONILLA | 0096 | 178.00 | |
| 6 | | VICENTE VERA | 0002 | 162.50 | |
| 7 | | JESUS CALDERON | | 138.00 | |
| 8 | | DENISE MARTIN | 0004 | 132.00 | |
| 9 | | OSCAR MARTINEZ | 0004 | 160.50 | |
| 10 | | THOMAS NANCE | 0075 | 172.50 | |
| 11 | | JAMES RAMIREZ | 0002 | 130.50 | |
| 12 | | RAMON BARAJAS | | 155.50 | SSN NOT ON EMPLOYEE FILE |

| | | | |
|---|---|---|---|
| NUMBER OF LABORERS | 12 | | |
| TOTAL HOURS | 1,766.50 | CAL. HOURS | 1,766.50 |
| CHECK AMOUNT | $48,525.76 | | |

| FUND | RATE | PREVIOUS AMOUNT | CALCULATED AMOUNT | CONTRIBUTED AMOUNT | DIFF | PENALTY | EXTERNAL LEGAL | INTERNAL LEGAL | AUDIT DEPOSIT | MISC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 10.15 | | 17,929.98 | 17,929.98 | 0.00 | | | | | |
| Retiree Welfare | 4.50 | | 7,949.25 | 7,949.25 | 0.00 | | | | | |
| Pension | 12.32 | | 21,763.28 | 21,763.28 | 0.00 | | | | | |
| Training | 0.50 | | 883.25 | 883.25 | 0.00 | | | | | |
| | | | 48,525.76 | 48,525.76 | 0.00 | | | | | |

PRINTED: 02/01/2018
TRANSACTION 1540052
BATCH# 222

# LABORERS' PENSION & WELFARE FUND
# JOURNAL REPORT PRINT

Page 1 of 1

CONTRACTOR 035398
   LEGACY UNDERGROUND
   ATTN: CHRIS HIGGINS
   106 W CALENDAR AVE STE 221
   LAGRANGE IL 60525-2325

| | |
|---|---|
| RECEIVED DATE | 2/22/2222 |
| REPORT DATE | 09/2017 |
| REPORT TYPE | REG |
| TYPE OF HOURS | |
| REPORT STATUS | U |

**COMMENT: pending coupon payment**

| CNT | SOC SEC # | NAME | LOCAL | HOURS | NAME RELATED PROBLEM |
|---|---|---|---|---|---|
| 1 | | MONROE HIGGINS | 0002 | 200.00 | |
| 2 | | MONROE HIGGINS | 0681 | 36.50 | |
| 3 | | JOSE PEREZ | 0002 | 174.00 | |
| 4 | | GUILLERMO BONILLA | 0096 | 174.00 | |
| 5 | | RAMON BARAJAS | 0225 | 172.00 | |
| 6 | | VICENTE VERA | 0002 | 132.00 | |
| 7 | | THOMAS KRYGIER | | 88.50 | |
| 8 | | DENISE MARTIN | 0004 | 153.00 | |
| 9 | | OSCAR MARTINEZ | 0004 | 157.00 | |
| 10 | | THOMAS NANCE | 0075 | 189.00 | |
| 11 | | JAMES RAMIREZ | 0002 | 165.50 | |
| 12 | | JESUS CALDERON | 0225 | 128.00 | |

| | | | |
|---|---|---|---|
| NUMBER OF LABORERS | 12 | | |
| TOTAL HOURS | 1,769.50 | CAL. HOURS | 1,769.50 |
| CHECK AMOUNT | $48,608.17 | | |

| FUND | RATE | PREVIOUS AMOUNT | CALCULATED AMOUNT | CONTRIBUTED AMOUNT | DIFF | PENALTY | EXTERNAL LEGAL | INTERNAL LEGAL | AUDIT DEPOSIT | MISC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 10.15 | | 17,960.43 | 17,960.43 | 0.00 | | | | | |
| Retiree Welfare | 4.50 | | 7,962.75 | 7,962.75 | 0.00 | | | | | |
| Pension | 12.32 | | 21,800.24 | 21,800.24 | 0.00 | | | | | |
| Training | 0.50 | | 884.75 | 884.75 | 0.00 | | | | | |
| | | | 48,608.17 | 48,608.17 | 0.00 | | | | | |

PRINTED: 02/01/2018
TRANSACTION 1543669
BATCH# 222

# LABORERS' PENSION & WELFARE FUND
# JOURNAL REPORT PRINT

Page 1 of 1

CONTRACTOR 035398
   LEGACY UNDERGROUND
   ATTN: CHRIS HIGGINS
   106 W CALENDAR AVE STE 221
   LAGRANGE IL 60525-2325

| | |
|---|---|
| RECEIVED DATE | 2/22/2222 |
| REPORT DATE | 10/2017 |
| REPORT TYPE | REG |
| TYPE OF HOURS | |
| REPORT STATUS | U |

**COMMENT:** pending coupon payment

| CNT | SOC SEC # | NAME | LOCAL | HOURS | NAME RELATED PROBLEM |
|---|---|---|---|---|---|
| 1 | | MONROE HIGGINS | 0002 | 160.00 | |
| 2 | | MONROE HIGGINS | 0681 | 113.50 | |
| 3 | | JOSE PEREZ | 0002 | 157.50 | |
| 4 | | GUILLERMO BONILLA | 0096 | 169.50 | |
| 5 | | RAMON BARAJAS | 0225 | 101.50 | |
| 6 | | VICENTE VERA | 0002 | 119.00 | |
| 7 | | THOMAS KRYGIER | | 117.00 | |
| 8 | | DENISE MARTIN | 0004 | 77.50 | |
| 9 | | OSCAR MARTINEZ | 0004 | 72.00 | |
| 10 | | THOMAS NANCE | 0075 | 53.00 | |
| 11 | | JAMES RAMIREZ | 0002 | 145.50 | |
| 12 | | JESUS CALDERON | 0225 | 37.50 | |

NUMBER OF LABORERS   12
TOTAL HOURS   1,323.50   CAL. HOURS   1,323.50
CHECK AMOUNT   $36,356.54

| FUND | RATE | PREVIOUS AMOUNT | CALCULATED AMOUNT | CONTRIBUTED AMOUNT | DIFF | PENALTY | EXTERNAL LEGAL | INTERNAL LEGAL | AUDIT DEPOSIT | MISC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 10.15 | | 13,433.53 | 13,433.53 | 0.00 | | | | | |
| Retiree Welfare | 4.50 | | 5,955.75 | 5,955.75 | 0.00 | | | | | |
| Pension | 12.32 | | 16,305.52 | 16,305.51 | -0.01 | | | | | |
| Training | 0.50 | | 661.75 | 661.75 | 0.00 | | | | | |
| | | | 36,356.55 | 36,356.54 | -0.01 | | | | | |

PRINTED: 02/01/2018
TRANSACTION 1545805
BATCH# 222

# LABORERS' PENSION & WELFARE FUND
## JOURNAL REPORT PRINT

Page 1 of 1

CONTRACTOR  035398
   LEGACY UNDERGROUND
   ATTN:  CHRIS HIGGINS
   106 W CALENDAR AVE  STE 221
   LAGRANGE IL 60525-2325

| | |
|---|---|
| RECEIVED DATE | 2/22/2222 |
| REPORT DATE | 11/2017 |
| REPORT TYPE | REG |
| TYPE OF HOURS | |
| REPORT STATUS | U |

**COMMENT:** pending coupon payment

| CNT | SOC SEC # | NAME | LOCAL | HOURS | NAME RELATED PROBLEM |
|---|---|---|---|---|---|
| 1 | | MONROE HIGGINS | 0681 | 136.50 | |
| 2 | | JOSE PEREZ | 0002 | 113.50 | |
| 3 | | GUILLERMO BONILLA | 0096 | 113.50 | |
| 4 | | VICENTE VERA | 0002 | 97.50 | |
| 5 | | MONROE HIGGINS | 0002 | 160.00 | |
| 6 | | THOMAS KRYGIER | | 133.50 | |
| 7 | | JAMES RAMIREZ | 0002 | 122.50 | |
| 8 | | RAMON BARAJAS | 0225 | 74.00 | |

NUMBER OF LABORERS     8
TOTAL HOURS     951.00   CAL. HOURS     951.00
CHECK AMOUNT     $26,123.97

| FUND | RATE | PREVIOUS AMOUNT | CALCULATED AMOUNT | CONTRIBUTED AMOUNT | DIFF | PENALTY | EXTERNAL LEGAL | INTERNAL LEGAL | AUDIT DEPOSIT | MISC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 10.15 | | 9,652.65 | 9,652.65 | 0.00 | | | | | |
| Retiree Welfare | 4.50 | | 4,279.50 | 4,279.50 | 0.00 | | | | | |
| Pension | 12.32 | | 11,716.32 | 11,716.32 | 0.00 | | | | | |
| Training | 0.50 | | 475.50 | 475.50 | 0.00 | | | | | |
| | | | 26,123.97 | 26,123.97 | 0.00 | | | | | |

# LABORERS' PENSION & WELFARE FUNDS

EMPLOYER: LEGACY UNDERGROUND

FIELD REP: MC

CODE: 35398

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CAICA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JUNE-2017 | 1,345.50 | 13,656.83 | 10.15 | 6,054.75 | 4.50 | 16,576.56 | 12.32 | 672.75 | 0.50 | 2,078.80 | 228.74 | 0.17 | 107.64 | 0.08 | 94.19 | 0.07 | 39,470.26 |
| Jul-17 | 2,038.50 | 20,690.78 | 10.15 | 9,173.25 | 4.50 | 25,114.32 | 12.32 | 1,019.25 | 0.50 | 3,149.49 | 346.55 | 0.17 | 163.08 | 0.08 | 142.70 | 0.07 | 59,799.82 |
| Aug-17 | 1,766.50 | 17,929.98 | 10.15 | 7,949.25 | 4.50 | 21,763.28 | 12.32 | 883.25 | 0.50 | 2,729.25 | 300.31 | 0.17 | 141.32 | 0.08 | 123.66 | 0.07 | 51,820.50 |
| Sep-17 | 1,769.50 | 17,940.43 | 10.15 | 7,962.75 | 4.50 | 21,800.24 | 12.32 | 884.75 | 0.50 | 2,733.88 | 300.82 | 0.17 | 141.56 | 0.08 | 123.87 | 0.07 | 51,908.50 |
| Oct-17 | 1,323.50 | 13,433.53 | 10.15 | 5,955.75 | 4.50 | 16,305.52 | 12.32 | 661.75 | 0.50 | 2,044.81 | 225.00 | 0.17 | 105.88 | 0.08 | 92.65 | 0.07 | 38,824.69 |
| Nov-17 | 951.00 | 9,652.65 | 10.15 | 4,279.50 | 4.50 | 11,716.32 | 12.32 | 475.50 | 0.50 | 1,469.30 | 161.67 | 0.17 | 76.08 | 0.08 | 66.57 | 0.07 | 27,897.59 |
| SUBTOTAL | 9,194.50 | 93,324.20 | | 41,375.25 | | 113,276.24 | | 4,597.25 | | 14,205.53 | 1,563.09 | | 735.56 | | 643.64 | | 269,720.75 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | 1,714.75 |
| 20% LIQUIDATED DAMAGES | | 18,664.84 | | 8,275.05 | | 22,655.25 | | 919.45 | | 1,420.55 | 156.31 | | 73.56 | | 64.36 | | 50,514.59 |
| AUDIT COSTS | | | | | | | | | | | | | | | | | |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | |
| TOTAL DUE | | 111,989.04 | | 49,650.30 | | 135,931.49 | | 5,516.70 | | 15,626.08 | 1,719.40 | | 809.12 | | 708.00 | | 321,950.2x |



EXHIBIT
E

## Monthly Working Dues Report
### Construction & General Laborers' District Council of Chicago and Vicinity

SUITE 100 · BURR RIDGE, ILLINOIS 60527     PHONE: 630-655-8765

LEGACY UNDERGROUND CORPORATION
105 W CALENDAR AVE
SUITE 221
LAGRANGE IL 60525

PHONE
708-485-5780
FEDERAL ID NO.

PAGE 1
**Send report and check to:**
Laborers' Work Dues Fund
Department 4334
Carol Stream, IL 60122-4334

DELINQUENT AFTER 09/10/2017 10% PENALTY

| NAME OF EMPLOYEE | GROSS WAGES | TOTAL HOURS | DUES WITHHELD |
|---|---|---|---|
| PEREZ, JUAN | | | |
| BONILLA, GUILLERMO | 5,932.80 | 144 | 268.56 |
| Caldura, Jesus | 4,902.80 | 119 | 221.93 |
| Higgins, Monroe | 6,254.40 | 144 | 280.63 |
| Higgins IV, Monroe | 7,392.00 | 160 | 328.40 |
| Martin, Denise | 3,29.40 | 8 | 14.92 |
| Martinez, Oscar | 5,232.40 | 127 | 236.85 |
| Perez, Jose | 5,108.80 | 124 | 231.26 |
| Ramirez, James | 4,779.20 | 116 | 216.34 |
| Ratkovich, Michael | 4,690.14 | 139.50 | 220.53 |
| Vera, Vicente | 5,932.80 | 144.00 | 268.56 |
| Whitaker, Jattava | 4,964.00 | 120 | 224.55 |
| TOTALS | 55,519.04 | 1345.50 | 2,512.53 |

TOTAL HOURS

GROSS WAGES

CHECK AMOUNT

CHECK #

Employer

EXHIBIT
F
tabbies

# Monthly Working Dues Report
## Construction & General Laborers' District Council of Chicago and Vicinity

999 MCCLINTOCK DRIVE — SUITE 300 — BURR RIDGE, ILLINOIS 60527     PHONE: 630-655-8765

LEGACY UNDERGROUND CORPORATION
106 W CALENDAR AVE
SUITE 221
LAGRANGE IL 60525

PHONE
708-485-5780
FEDERAL ID NO.

PAGE 1
Send report and check to:
Laborers' Work Dues Fund
Department 4334
Carol Stream, IL 60122-4334

DELINQUENT AFTER 09/10/2017 10% PENALTY

July

| NAME OF EMPLOYEE | GROSS WAGES | TOTAL HOURS | DUES WITHHELD |
|---|---|---|---|
| PEREZ, JUAN | | | |
| BONILLA, GUILLERMO | 8703.50 | 203.50 | 391.50 |
| Barajas, Ramos | 2884 | 70 | 130.55 |
| Calderon, Jesus | 6,550.80 | 155 | 295.29 |
| Higgins, Monroe | 5,644.90 | 137 | 255.51 |
| Higgins IV, Monroe | 9,400 | 200 | 416.50 |
| Martin, Denise | 7,951.60 | 190 | 358.99 |
| Martinez, Oscar | 8,281.20 | 196.50 | 373.43 |
| Nance, Thomas | 4570.75 | 96 | 202.12 |
| Perez, Jose | 8,868.30 | 207.50 | 398.94 |
| Ramirez, James | 8,095.80 | 191 | 364.72 |
| Ratkovich, Michael | 3,680.76 | 105 | 171.63 |
| Vera, Vicente | 8,600.50 | 204.50 | 387.94 |
| Whitaker, Jattaun | 2791.30 | 66.50 | 125.95 |
| Whitaker, Jamise | 659.20 | 16 | 29.84 |
| TOTALS | | | |
| TOTAL HOURS | 86,682.11 | 2038.5 | 3902.92 |
| GROSS WAGES | | | |
| CHECK AMOUNT | | | |
| CHECK # | | | |

Employer

By
Signed by an authorized officer, partner or agent only

MAKE AND RETAIN A
COPY FOR YOUR RECORD

# Monthly Working Dues Report
## Construction & General Laborers' District Council of Chicago and Vicinity

SUITE 300 — BURR RIDGE, ILLINOIS 60527          PHONE: 630-655-8765

LEGACY UNDERGROUND CORPORATION
105 W. CALENDAR AVE.
SUITE 221
LAGRANGE IL 60525

PHONE
708-485-5780
FEDERAL ID NO.

PAGE 1
Send report and check to:
Laborers' Work Dues Fund
Department 4334
Carol Stream, IL 60122-4334

DELINQUENT AFTER 09/10/2017 10% PENALTY

| NAME OF EMPLOYEE | GROSS WAGES | TOTAL HOURS | DUES WITHHELD |
|---|---|---|---|
| PEREZ, JUAN | | | |
| BONILLA, GUILLERMO | 7818.20 | 178 | 350.14 |
| Barajas, Ramos | 6561.10 | 155.50 | 295.81 |
| Calderon, Jesus | 5685.00 | 138 | 257.37 |
| Higgins, Monroe | 6303.00 | 150.50 | 284.55 |
| Higgins IV, Monroe | 7552.00 | 160 | 334.40 |
| Martin, Denise | 5438.40 | 132 | 246.18 |
| Martinez, Oscar | 6787.70 | 160.50 | 305.90 |
| Nance, Thomas | 8401.25 | 172.50 | 370.24 |
| Perez, Jose | 7766.20 | 178 | 348.19 |
| Ramirez, Jesus | 5386.90 | 130.50 | 243.77 |
| Ratkovich, Michael | 1749.19 | 48.50 | 81.11 |
| Vera, Vicente | 7076.10 | 162.50 | 317.36 |
| | | | |
| TOTALS | 76,526.24 | 1766.50 | 3435.02 |

TOTAL HOURS

GROSS WAGES

CHECK AMOUNT

CHECK #

this report. Employer expressly warrants and affirms that this report accurately states all hours worked by all of ... hereby accepts, affirms and agrees to be bound to the terms and conditions of the Independent Construction ... Laborers' District Council of Chicago and Vicinity (the "Union") and any extension, renewal, modification or

Employer

By

Signed by an authorized officer, partner of agent only

MAKE AND RETAIN A
COPY FOR YOUR RECORD

## INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund"), the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and the Retiree Health and Welfare Fund ("Welfare Funds" or collectively the "Funds"), the parties of the first part, and Legacy Underground Corporation (the "Company"), the parties of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues:

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the period of May 2015 through June 2015 and January 2016 through July 2016.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the Construction and General Laborers' District Council of Chicago and Vicinity, for the audit period of May 2015 through June 2015 and January 2016 through July 2016.

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay $259,637.98 to the Health and Welfare Fund (comprised of $197,447.86 in delinquent contributions, $27,977.94 in liquidated damages, $558.25 in attorney's fees and costs and $33,653.93 in interest) (based on an interest rate of 12%). The Company will pay $81,147.73 to the Retiree Health and Welfare Fund (comprised of $58,738.01 in delinquent contributions, $11,344.20 in liquidated damages, $558.25 in attorney's fees and costs and $10,507.27 in interest). The Company will also pay $218,283.05 to the Pension Fund (comprised of $158,358.16 in delinquent contributions, $30,496.49 in liquidated damages, $1,116.50 in attorney's fees and costs and $28,310.90 in interest). All of these amounts shall be paid according to the schedule described below in paragraphs 4 and 5 and as noted in the Financial Schedule for Installment Note (Exhibit A).

2. The Company will also pay $7,918.46 to the Training Fund (comprised of $7,179.00 in delinquent contributions, $717.90 in liquidated damages and $21.56 in interest), $1,108.61 to the LECET Fund (comprised of $1,005.08 in delinquent contributions, $100.51 in liquidated damages and $3.02 in interest), $2,692.30 to the LDCMC Fund (comprised of $2,440.88 in delinquent contributions, $244.09 in liquidated damages and $7.33 in interest), $1,310.95 to the CAICA Fund (comprised of $1,188.64 in delinquent contributions, $118.86 in liquidated damages and $3.45 in interest) and $23,475.49 in union dues (comprised of $21,341.35 in delinquent contributions and $2,134.14 in liquidated damages). These delinquent amounts shall be paid in their entirety at the time the Note is signed along with the amounts due in paragraph 5.

3. The Company will also pay the Funds or the sum of $2,233.00 representing attorney fees and costs incurred by the Funds in Case No.16-CV-04793. This amount is split between the Welfare, Retiree Welfare and Pension Funds as described in paragraph 1 above.

4. Simultaneously with the execution of this Note, the Company will pay twenty percent (20%) of the total outstanding indebtedness, excluding note interest and the delinquent amounts described above in paragraph 2, or $45,171.22 to the Health and Welfare Fund, $14,050.93 to the Retiree Health and Welfare Fund and $37,863.37 to the Pension Fund.

5. For thirty-six (36) consecutive months commencing on November 1, 2016 and ending on October 1, 2019, the Company will pay $5,957.41 per month to the Health and Welfare Fund, $1,863.80 to the Retiree Health and Welfare Fund and $5,011.63 per month to the Pension Fund.

6. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

7. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds reserve the right to conduct an audit, in accordance with the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the time period covered herein and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on said audit.

EXHIBIT
G

8. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note. All amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

9. This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution and dues reports and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

10. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

11. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the __3rd__ day of the __October__, 2016.

Legacy Underground Corporation

_Sara Higgins_

By: _Sara Higgins_

Title: _President_

Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Retiree Health and Welfare Fund.

By: _[signature]_

# GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of _____ by the undersigned, _____, (the "Guarantor"), to and for the benefit of the LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY (collectively, the "Funds").

WHEREAS, Legacy Underground Corporation (the "Company") has agreed to pay a total of $595,573.37 to the Funds in settlement of the alleged delinquent contributions owed to the Funds and to be paid under the terms of a Settlement Agreement and Installment Note ("Note").

WHEREAS, the Funds are unwilling to enter into the Note unless the Guarantor executes this Guaranty; and

WHEREAS, the Guarantor has a financial interest in the Company and will be benefited by the Note;

NOW THEREFOREWHEREAS, in consideration of the foregoing, the Guarantor agrees as follows:

1.  Guaranty of Payment and Indemnification. The undersigned guarantees, absolutely and unconditionally: (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the thirty-six (36) month payment period including interest and liquidated damages for late or unpaid payments due on the Note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post-judgment bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor hereunder (the obligations of Guarantor under this Paragraph 1 are collectively hereinafter referred to as the "Obligations"). The Guarantor also agrees to be personally liable for all monthly benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

2.  Continuing Guaranty. This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the part of the Company with respect to the Note; (b) any forbearance or extension of the time of payment of the Note; (c) the validity or invalidity of the Note; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Note; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantor may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantor.

3.  Waivers. Guarantor waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantor shall remain liable as principal, notwithstanding any act, omission or thing that might otherwise operate as a legal or equitable discharge of Guarantor, until all of the Company's obligations shall have been fully paid and performed.

4.  Subrogation. Notwithstanding anything to the contrary elsewhere contained herein or in the Note, the Guarantor(s) expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantor against a maker or obligor, to an accommodation party against the party accommodated, or to a holder or transferee against a maker, and which the guarantor may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Note.

1



The Guarantor agrees that he or she shall not have or assert any such rights against the Company or its successors and assigns or any other party (including any surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Company (as borrower or in any other capacity) or any other person.

5. Independent Obligations. The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Note; provided, however, that nothing herein contained shall preclude the Funds from suing on the Note or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. Acceleration. In the event that payments due under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. Effect of Bankruptcy. This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Note in any such proceedings, or others.

8. Termination. This Guaranty shall remain in full force and effect as to the Guarantor until all of the Company's Obligations under the Note outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations from time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. The Company's Financial Condition. The Guarantor assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantor any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. Expenses. The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note.

11. Delay, Cumulative Remedies. No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantor will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantor are cumulative.

12. Binding Effect. This guaranty shall incur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantor and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantor, the obligations of such deceased Gunrantor shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

13. Default. The Guarantor hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time after ten (10) days notice after default in any payment due under this Guaranty, and confess judgement against Guarantor, after service of notice of the claimed default, in favor of the Funds for such amount to be unpaid and owed thereon, including interest, liquidated damages and reasonable cost of collection including reasonable attorneys' fees. The Guarantor agrees to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgement, hereby ratify and confirming all that said attorney may do by virtue hereof.

14. <u>Warranties.</u> Guarantor makes to the Funds the following representations and warranties:

    (a) <u>Authorization.</u> Guarantor has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder.

    (b) <u>No Conflict.</u> The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitute a default under, any indenture, agreement or any other instrument to which Guarantor is a party or by which Guarantor or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

    (c) <u>Litigation.</u> There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantor at law of in equity or before or by governmental agency or instrumentality that involve any of the transactions herein contemplated, or the possibility of any judgment or liability that may result in any material and adverse change in the financial condition of any Guarantor. Guarantor is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

    (d) <u>Enforceability.</u> This guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

15. <u>Notices.</u> All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in person, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantor refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantor

*Sarah Higgins*
*Legacy Underground*
*106 W. Calendar Ct, #221*
*Lagrange, IL*
      *60525*

In Case of the Funds:

Collection Counsel
Kelly Carson
Laborers Pension and Welfare Fund
Sub Office
111 W Jackson Blvd Ste 1415
Chicago IL 60604-3868

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided. The Funds will use their best efforts to send courtesy copies of notices provided hereunder to Guarantor's attorney, _____. But the failure by the Funds to send courtesy copies to Guarantor's attorney shall not limit or restrict the Funds' rights under this Guaranty in any manner nor relieve Guarantor of any obligations under this guaranty.

16. <u>Additional Waivers.</u> Guarantor expressly and unconditionally waives, in connection with any suit, action or proceeding brought by the Funds on this Guaranty, any and every right he or she may have to (I) injunctive relief, (II) a trial by jury, (III) interpose any counterclaim therein and (IV) seek to have the same consolidated with any other or separate suit, action or proceeding.

17. <u>Severability.</u> If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

3

18. <u>Applicable Law; Venue.</u> This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and enter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or she may have to transfer or change the venue of any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

19. <u>Time is of the Essence.</u> Time is of the essence of this Guaranty as to the performance of the undersigned.

20. <u>Death of a Guarantor.</u> In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Note unless, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this instrument as of the date and year first above written.

_Sara Higgins_

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
Social Security Number

Date: 10 / 3 / 16

APPROVED AS TO FORM AND SUBSTANCE
ON BEHALF OF GUARANTOR;

_____

Dated: _____

4